UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN M. HAYES, M.D., <br><br> Plaintiff, <br><br> v. <br><br> CHARTERED HEALTH PLAN d/b/a CHARTERED FAMILY HEALTH CENTER, P.C., et al., <br><br> Defendants. <br> --- <br> D.C. CHARTERED HEALTH PLAN, INC. AND ROBERT L. BOWLES, JR., <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> DRS. GREENFIELD, BOOKER, CHARTERED AND THE NATIONAL CAPITAL RECIPROCAL INSURANCE COMPANY, <br><br> Third-Party Defendants. | Civil Action 01-01188 (HHK) |

**MEMORANDUM OPINION AND ORDER**

Before the court are the motions to dismiss of defendants Aon Risk Services, Inc. ("Aon") [#66], third-party defendant National Capital Reciprocal Insurance Company ("NCRIC") [#79], and third-party defendant Drs. Greenfield, Booker, Chartered ("Greenfield, Booker") [#80]. Upon consideration of the motions, the oppositions thereto, and the record of the case, the court concludes that the motions must be granted.

## I. BACKGROUND

Plaintiff John M. Hayes, M.D., seeks declaratory relief and damages for contract, tort, and equitable claims arising from alleged failures on the part of the defendants to obtain, provide, and/or maintain insurance coverage for medical malpractice. In particular, he seeks relief relating to a malpractice claim filed against him in 1999 by Artulia Smith in the Superior Court for the District of Columbia, which claims arose from events occurring in 1992. As to the parties whose motions are before the court, Hayes sets forth a series of claims:

Hayes brings claims against Aon of fraud, misrepresentation and deceit (Count IV); intentional infliction of emotional distress (Count V); negligence (Count VI); "vicarious liability and apparent or ostensible agency" (Count VII); "agent/broker liability" (Count VIII), and negligent infliction of emotional distress (Count IX). These claims arise from allegations that Aon, an insurance broker, obtained malpractice insurance in 1998 for defendant Chartered Health Plan d/b/a/ Chartered Family Health Center, P.C. ("Chartered Health"), which insurance covered Hayes, a Chartered employee. Compl. ¶ 27. That coverage, underwritten by defendant Reliance National Insurance Company ("Reliance"), was replaced in 1999 by a separate policy, underwritten by Western Indemnity Insurance Company ("Western") and brokered by Health Insurance Services, Inc. ("HIS"). *Id.* ¶ 29. Hayes alleges that Aon both failed to secure adequate coverage for him, despite a duty to do so, and represented that it had obtained coverage for malpractice risks predating his employment with Chartered Health with actual knowledge that it had not obtained such coverage. *Id.* ¶¶ 62(f), 75, 89, 103, 120.

Hayes also brings claims against defendants/third-party plaintiffs Chartered Health and Robert L. Bowles, Jr. of breach of contract (Count II); breach of fiduciary duty (Count III); fraud, misrepresentation and deceit (Count IV); and negligence (Count VI).  Chartered Health and Bowles (collectively "Chartered"), in turn, bring third-party claims against third-party defendants NCRIC and Greenfield, Booker for indemnity (Count I) and contribution (Count II).

## II.  ANALYSIS

The court will first address Aon's motion to dismiss, and then will collectively consider the third-party defendants' motions.

**A.    Claims against Aon**

**1.    Counts V, VII, and IX**

The court previously dismissed Hayes's claims of intentional infliction of emotional distress (Count V); "vicarious liability and apparent or ostensible agency" (Count VII); and negligent infliction of emotional distress (Count IX) as against a number of defendants.  Mem. Op. (March 11, 2004).  For the reasons articulated in the court's order dismissing those claims, they are likewise dismissed as to Aon.

**2.    Fraud (Count IV)**

To state a claim for fraud under District of Columbia law, Hayes must allege with particularity 1) a false representation by Aon; 2) concerning a material fact; 3) made with knowledge of its falsity; 4) with intent to deceive; and 5) resulting in detrimental reliance by the plaintiff.  *See Sabin v. Regardie, Regardie & Bartow*, 770 F. Supp. 5, 8 (D.D.C. 1991) (citing *Barlow v. McLeod*, 666 F. Supp. 222, 228 (D.D.C. 1986)); *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977).  Aon argues that Hayes has failed to plead his fraud claim against Aon with the

required particularity, and that, in any case, Hayes's fraud claim should be dismissed with prejudice because the claims-made policy brokered by Aon expired before the Smith claim was filed, therefore making it impossible for Hayes to have suffered any injury as a result of any misrepresentation by Aon.  Def. Aon's Mem. in Supp. at 7–10.  The court agrees on both counts.

A pleader must "state the time, place, and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud."  *United States v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994)).  Additionally, a pleader must "identify individuals allegedly involved in the fraud," *ibid.* (citations omitted), and if a plaintiff is "unable to meet the particularity standard because defendants control the relevant documents," she must "allege lack of access in the complaint."  *Id.* at 1258 (citing *Kowal*, 16 F.3d at 1279 n.3).

The complaint here alleges, however broadly, some of the substance and context of the alleged misrepresentation by Aon, but fails to identify any individual allegedly involved in the fraudulent misrepresentation.  Moreover, Hayes does not shield himself from the particularity requirements by alleging lack of access to the identity of such an individual or individuals.  For these reasons, the court concludes that his fraud claim must be dismissed.

Aon also points to insurance policy documents that appear to be from Reliance, which Aon has filed as exhibits to its motion, for the proposition that no injury to Hayes possibly could have been caused by any misrepresentation on its part.  Def. Aon's Mem. in Supp. at 10, Ex. 1 (Excess Hosp. Prof'l Liab. & Gen. Liab. Ins. Policy No. NPD 0146289).  Aon asserts that these documents govern the underlying policy brokered by Aon, which policy Hayes alleges did not

cover pre-employment claims, and the scope of which Hayes alleges Aon misrepresented. *Id.*[1] These documents do appear at first blush to terminate the policy on May 1, 1999 (before the Smith claims against Hayes were made). *Id.*, Ex. 1 at 3. Hayes responds that other documents may exist that could undermine the apparent clarity of the policy documents proffered by Aon, and that may show that the policy was extended or otherwise modified. Pl.'s Opp. at 4, 9.

While the policy documents submitted by Aon do not absolutely preclude the possibility of extension or modification,[2] other documents, submitted earlier in this case do preclude that possibility. According to the complaint, at some point in 1999, Chartered Health switched insurance providers for its medical malpractice coverage from defendant Reliance—the policy brokered by Aon—to former defendant Western—a policy brokered by former defendant HIS. Compl. ¶ 29. The Western policy, a copy of which was submitted as an exhibit to Western's motion to dismiss (and which the court may properly consider without converting Aon's motion

---

[1] In considering a Rule 12(b)(6) motion to dismiss, the court may consider "only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice" without converting the motion to one for summary judgment. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *see also Krooth & Altman v. North Am. Life Assur. Co.*, 134 F. Supp. 2d 96, 99 (D.D.C. 2001) (considering, in review of a Rule 12(b)(6) motion to dismiss, materials that were "attached to the motion to dismiss, [were] referred to in the complaint, and [were] central to [the] plaintiffs' claims"); *Cephas v. MVM, Inc.*, 403 F. Supp. 2d 17, 20 (D.D.C. 2005) (same) (citing *Krooth & Altman*). The documents submitted by Aon satisfy this standard, as they are referenced in and central to Hayes's complaint.

[2] The policy documents also do not preclude the possibility that Aon's actions relating to placement of the Reliance policy concluded later than May 1, 1998. In particular, the complaint does not allege, and the documents do not prove, that Aon's misrepresentation of the scope of coverage occurred on or before May 1, 1998. Nor does the purported commencement date show conclusively that Aon must have ceased all brokerage duties on or before that date. The court therefore rejects, for purposes of the present motion, Aon's argument that Hayes' claims for fraud and negligence are time-barred. *See* Def. Aon's Mem. in Supp. at 14.

to one for summary judgment, *see* n.1, *supra*), conclusively establishes that the new Western policy commenced on May 1, 1999, the same date on which the Reliance policy expired. *See* Def. Western's Mem. in Supp., Ex. 1 (Addicks Ltr. to Hayes, Oct. 12, 1999); Ex. 2, at 1 (Med. Prof'l Liab. Policy No. WPLP36688P992). The Reliance policy was thus no longer in effect when the Smith claims were made. Hence, as to the Smith complaint, Hayes could not possibly have been injured by any alleged misrepresentation by Aon, and therefore could not have relied to his detriment on any such misrepresentation. *See Sabin*, 770 F. Supp. at 8 (observing that detrimental reliance is required to plead a claim for fraud). Count IV against Aon must be dismissed.

      **3.**      **Negligence (Count VI)**

Aon argues that Hayes's negligence claim should be dismissed because (a) it owed a duty only to Chartered Health, and not to Hayes; (b) even if it owed a duty, it was contractual, and any tort claim must have a basis independent of Aon's contractual obligations; and (c) the injury alleged by Hayes could not have been proximately caused by Aon. The court rejects the first two arguments, but agrees with the third.

An insurance agent or broker owes a duty to exercise reasonable care and skill in performing his duties. *Adkins & Ainley, Inc. v. Busada*, 270 A.2d 135, 137 (D.C. 1970) (stating that a broker or agent has "a duty to perform with the reasonable skill and ordinary diligence which can be expected from a person in his profession"). Such a duty does not run only to the corporate entity that engages the broker or agent, but also to the individual insureds on whose behalf the broker's or agent's services are engaged. *See Sadler v. Loomis Co.*, 139 Md. App.

374, 395, 776 A.2d 25, 37 (Md. App. 2001) (stating that a broker failing to perform his duty with reasonable care may "become liable to those who are caused a loss by his failure to use standard care"). The court rejects Aon's claim that it had no duty of care as to Hayes.

As for Aon's argument that any duty it had was contractual, and that there must be an independent basis for Hayes's tort claim, apart from Aon's tacit admission on reply that this argument is erroneous, Def. Aon's Reply at 5, it is settled that a plaintiff may bring either a contract claim or a tort claim against an insurance broker for failure to obtain requested insurance, at her election. *Zitelman v. Metro. Ins. Agency*, 482 A.2d 426, 427 n.1 (D.C. 1984); *see also* 43 Am. Jur. 2d *Insurance* § 163 (2006) (collecting cases); 44 C.J.S. *Insurance* § 216 (2006) (collecting cases).

These arguments aside, the court is persuaded that, based on the allegations in the complaint and on the central documents referenced therein, Aon could not have proximately caused any injury to Hayes. Even viewing the alleged facts in the light most favorable to Hayes, it is beyond dispute that the policy Aon obtained for Chartered Health expired on May 1, 1999, when it was replaced by the Western policy. *See* II.A.2, *supra*. This expiration occurred three months before the Smith claim was made against Hayes. Compl. ¶¶ 29, 34. As proximate causation is conclusively absent, the court must dismiss Count VI as against Aon.

### 4. "Agent/Broker Liability" (Count VIII)

Aon is also correct that there is no independent cause of action for "agent/broker liability" apart from a plaintiff's right to bring either a contract claim or a claim for negligence in tort. *Zitelman*, 482 A.2d at 427 n.1. The court therefore must dismiss Count VIII.

**B.      Third-party claims**

Chartered brings a third-party complaint against NCRIC and Greenfield, Booker for indemnity and contribution. Each has filed a motion to dismiss the third-party claims on grounds that (1) no contractual obligations, express or implied, require them to indemnify Chartered; (2) no relationships between the third-party defendants and Chartered exist that could give rise to an implied equitable indemnification claim; and (3) the third-party defendants are not joint tortfeasors with Chartered, and therefore may not be liable for contribution. Def. NCRIC's Mem. in Supp. at 4–6; Def. Greenfield, Booker's Mem. in Supp. at 3–7. The court agrees that the claims must be dismissed.

      **1.      Contribution**

The contribution claims against NCRIC fail because there has been no allegation that NCRIC was negligent in any way, let alone as a joint tortfeasor with Chartered. It is well-settled that "[a]n essential prerequisite for entitlement to contribution is that the parties be joint tortfeasors in the sense that their negligence concurred in causing the harm to the injured party." *Dist. of Columbia v. Wash. Hosp. Ctr.*, 722 A.2d 332, 336 (D.C. 1998). The third-party complaint cites merely to NCRIC's role as a prior insurer of Hayes, and NCRIC is not alleged to have acted negligently in the originally-filed complaint. Without any allegations of negligence as to Hayes, NCRIC cannot be deemed to be a tortfeasor for purposes of Chartered's contribution claims.

In order for Greenfield, Booker to be a joint tortfeasor with Chartered, and therefore to be liable for contribution, its "independent acts [must combine with Chartered's actions] to cause a *single injury*." *Id.* at 337 (emphasis added). Chartered has not alleged that Greenfield, Booker

took any actions related to the particular injury at issue in this case (the alleged exposure of Hayes to damages caused by inadequate malpractice "tail" coverage). Rather, Chartered merely alleges negligence in actions taken related to the events giving rise to the malpractice litigation. These allegations do not assist Chartered. As there have been no allegations of actions by Greenfield, Booker that caused the injuries alleged by Hayes in *this* litigation, Chartered's contribution claims necessarily fail.

### 2.   Indemnification

The indemnification claims against NCRIC likewise fail. A right to indemnity may arise by contract or it may be implied as a matter of equity. *Id.* at 339–40. There being no contractual relationship between Chartered and either NCRIC or Greenfield, Booker, Chartered brings its claims solely under a theory of equitable indemnification. Third-party Pls.' Consol. Opp. at 7. Such claims, however, are "restricted generally to situations where the indemnitee's conduct was not as blameworthy as that of the indemnitor." *Wash. Hosp. Ctr.*, 722 A.2d at 340; *see also Hudert v. Alion Sci. & Tech. Corp.*, 429 F. Supp. 2d 99, 107 (D.D.C. 2006) (stating that equitable indemnity is only available "where the indemnitee's conduct was not as blameworthy as that of the indemnitor" (quoting *Quadrangle Dev. Corp. v. Otis Elevator Co.*, 748 A.2d 432, 435 (D.C. 2000))); *Johnson v. Mercedes-Benz, USA, LLC*, 182 F. Supp. 2d 58, 65 (D.D.C. 2002) (noting that "indemnity may be granted to an indemnitee if there is a 'significant difference in the kind and quality' between the indemnitee's and the indemnitor's wrongdoing" (quoting *Quadrangle Dev Corp.*, 748 A.2d at 435)).[3] This rule comports with the rationale behind equitable

---

[3] Examples of situations where equitable indemnity has been granted include those where:

(a) The indemnitee was liable only vicariously for the conduct of the indemnitor; (b) The

indemnity, which is "based on variations in the relative degrees of fault of joint tortfeasors." *Wash. Hosp. Ctr.*, 722 A.2d at 340. Courts have also held that a duty to indemnify can be implied where the indemnitee and the indemnitor enjoyed some sort of "special relationship" or where the indemnitor owed some "independent" duty to the indemnitee. *Quadrangle Dev. Corp.*, 748 A.2d at 435 & n.4; *see also* Restatement (Second) of Torts § 886B comment *c* (stating that these formulations may simply be articulations of the underlying principle of equity animating the implied indemnity doctrine).

Here, again, there are no claims that NCRIC was "blameworthy" at all; the contention is merely that NCRIC is obligated in its capacity as a former insurer. Nor has any special relationship between NCRIC and Chartered been alleged. Chartered seeks to buttress it arguments by pointing to a stipulation filed in the Smith litigation as evidence that NCRIC is, in fact, responsible as an insurer for Hayes, and that it, not Chartered, should compensate Hayes for any damages caused by the inadequacy of his insurance coverage. This argument proves too much: Evidentiary questions aside, if NCRIC is obligated as Hayes's insurer, that fact will emerge in discovery and will be relevant to questions of liability and damages as to Chartered.

---

> indemnitee acted pursuant to directions of the indemnitor and reasonably believed the directions to be lawful; (c) The indemnitee was induced to act by a misrepresentation on the part of the indemnitor, upon which he justifiably relied; (d) The indemnitor supplied a defective chattel or performed defective work upon land or buildings as a result of which both were liable to the third person, and the indemnitee innocently or negligently failed to discover the defect; (e) The indemnitor created a dangerous condition of land or chattels as a result of which both were liable to the third person, and the indemnitee innocently or negligently failed to discover the defect; [and] (f) The indemnitor was under a duty to the indemnitee to protect him against the liability to the third person.

*Wash. Hosp. Ctr.*, 722 A.2d at 340 n.9 (quoting Restatement (Second) of Torts § 886B (2) (1977)).

The existence or non-existence of such an obligation, however, has no bearing on the viability of any claim against NCRIC for equitable indemnification.

The claims against Greenfield, Booker fare no better. No special relationship exists between Greenfield, Booker and Chartered, and, since Chartered has not alleged blameworthiness as to the injuries at issue in this litigation, Greenfield, Booker simply cannot be deemed a joint tortfeasor with Chartered. In such circumstances, no implied equitable obligation to indemnify exists. *See Wash. Hosp. Ctr.*, 722 A.2d at 340.

### III. CONCLUSION

For the forgoing reasons, it is this 17th day of October, 2006, hereby

**ORDERED**, that the motions to dismiss of defendant Aon [#66] and third-party defendants NCRIS [#79] and Greenfield, Booker [#80] are **GRANTED;** and it is further

**ORDERED** that on or before October 24, 2006, the parties shall file a proposed case management plan including deadlines that shall govern the future proceedings in this action. If the parties are unable to agree, each shall file their own proposed case management plan and deadlines.

Henry H. Kennedy, Jr.
United States District Judge